1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10    DARNELL MCGARY,                          CASE NO. C13-5130 RBL-JRC

11                    Plaintiff,               REPORT AND RECOMMENDATION
                                               TO DENY PLAINTIFF'S REQUEST FOR
12          v.                                 INJUNCTIVE RELIEF

13    KELLY CUNNINGHAM et al.                   NOTED FOR:
                                               NOVEMBER 29, 2013
14                    Defendants.

15

16          The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

17    Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

18    636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

19          Plaintiff has filed a motion for injunctive relief asking the Court to provide legal

20    assistance to civil detainees including a request that legal phone calls take place in a confidential

21    secure booth, confidential photo copying in the residents presence, and a legal research room for

22    the computer that the Special Commitment Center provides for residents (ECF No. 54). Plaintiff

23    also asks the Court to address the needs of indigent and "special needs residents." (ECF No. 54)

24

Finally, plaintiff asks the Court to order that residents be allowed to receive public disclosure information without restriction (ECF No. 54).

## STANDARD OF REVIEW

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as a right. *Munaf v. Geren*, 553 U.S. 674, 689–90, (2008) (citations and quotation omitted). Instead, the Court must "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008) (*quoting Amoco Production Company v. Gambell*, 480 U.S. 531, 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring plaintiff, and (4) advancement of the public interest. *Winter*, 555 U.S. at 20.

In order to seek any form of injunctive relief plaintiff must show threat of irreparable injury that is real and immediate, not conjectural or speculative. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *Id*. at 495-6.

## DISCUSSION

In his prior motion for injunctive relief, plaintiff provided conclusory statements but no specific information (ECF No. 39, p. 3). Plaintiff continues to litigate this action in the abstract. In his current motion, much of the information that plaintiff provides is not germane to him or the causes of action in his complaint.

Plaintiff alleges in his complaint that the treatment program is inadequate and that he has been the victim of retaliation (ECF No. 42, second amended complaint). The allegations in plaintiff's compliant are unrelated to his request for injunctive relief (ECF No. 54).

1    Plaintiff alleges in his motion that the law library at the SCC is inadequate (ECF No. 54

2    p. 2), but he provides the Court with very little information as to what resources are available in

3    the current library. Most of plaintiff's issues do not apply to plaintiff or to this litigation. Plaintiff

4    contends that legal assistance for illiterate or special needs residents is inadequate, (ECF No. 54,

5    p. 2).  Plaintiff concedes that he is not illiterate (*id*.). Plaintiff does not claim to have a special

6    need or need special assistance in accessing the library. Plaintiff argues that the policy regarding

7    indigent residents receiving legal supplies is inadequate, (*id*.). Plaintiff paid the full filing fee and

8    is not indigent (ECF No. 1). In fact, in 2012 plaintiff settled a prior action similar to the one now

9    before the Court and received $27,000 dollars as part of the settlement (ECF No. 13, page 2). *See*

10   *also, McGary v. Culpepper*, 05-5376RBL/JRC (ECF No. 205-207) Plaintiff alleges that the lack

11   of confidential legal calls is unconstitutional, but plaintiff is proceeding pro se in this litigation

12   and does not have counsel. Plaintiff contends that in some cases public disclosure request

13   responses have been rejected by the staff at SCC and not allowed into the facility, but plaintiff

14   does not contend this has happened to him and he has placed no information before the Court

15   showing what items were rejected.

16   Defendants have responded to the motion and provided the declaration of Becky Denny

17   outlining the resources available for legal research (ECF No. 58). A computer with the "Westlaw

18   Premise" data base is available for plaintiff's use in the day room (*id*. p. 2). This data base

19   includes "the U.S. Supreme Court, Ninth Circuit Court of Appeals, Washington Court of

20   Appeals and Washington State Supreme Court cases, the Washington Administrative Code, and

21   the Revised Code of Washington." (*id*.). The legal research system is available from 6:00 a.m.

22   until 10:00 p.m. daily. In addition the facility has a central library collection containing:

23   Black's Law Dictionary, Official Advance Sheets – Washington Appellate
     Reports, Official Advance Sheets – Washington Reports, Washington Blue &

24

White Book, Washington Reports 2nd Series, West's Federal Reporter Second Series, West's Federal Reporter Third Series and Federal Appendix, West's Federal Supplement Second Series, West's Pacific Reporter Third Series, West's Supreme Court Reporter, and West's Washington Reporter, and handbooks developed for prisoners or detained persons regarding how to prosecute civil rights lawsuits.

(ECF No. 58, p. 2 ¶ 5). Plaintiff fails to show that the library is inadequate in any meaningful way. Plaintiff complains that the computer is in the day room, but he does not allege that it is not available for use.

Becky Denny's declaration addresses the remainder of plaintiff's allegations concerning copying and public disclosure requests and shows that copies are available and while staff inspect incoming material or material submitted for copying for security reasons, she alleges that it is not read (ECF No. 58 pp. 3-4). The parties disagree on this point, but it is plaintiff who bears the burden of persuasion. *Winter*, 555 U.S. at 20. The Special Commitment Center does not allow material that undermine the therapeutic environment into the facility, whether it is information a resident may have created, or information obtained through a public disclosure request (ECF No. 58 pp. 3-4).

Plaintiff has failed to show a likelihood of success on the merits. Plaintiff does not show that he is in immediate danger of any irreparable injury. Plaintiff does not show that the balance of hardships favors the granting of any injunctive relief. Finally, plaintiff fails to show that the public interest favors the granting of an injunction. Accordingly, the Court recommends denying plaintiff's motion.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

REPORT AND RECOMMENDATION - 4

1  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

2  November 29, 2013, as noted in the caption.

3       Dated this 4th day of November, 2013.

4

5  J. Richard Creatura
   United States Magistrate Judge

6