UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARNELL MCGARY,<br><br>               Plaintiff,<br><br>        v.<br><br>KELLY CUNNINGHAM et al.,<br><br>               Defendants. | CASE NO. C13-5130 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>NOVEMBER 29, 2013 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Defendant Mark Lindquist, the Pierce County Prosecutor, has filed a motion to dismiss himself from this action (ECF No. 46). The Court recommends granting the portion of the motion that is based on defendant Lindquist's entitlement to absolute immunity. The Court recommends denying the motion as to the other arguments raised. Defendant Lindquist would remain in the action based on the allegations that he operates the county jail and directed the placement of plaintiff in disciplinary segregation (ECF No. 42, p. 7, ¶ 4.10).

REPORT AND RECOMMENDATION - 1

Defendant Lindquist is entitled to absolute immunity for the steps he took in presenting the orders that transferred plaintiff from the Special Commitment Center to the Pierce County Jail for civil commitment hearings. However, plaintiff was not a prisoner when he was housed in the Pierce County Jail and the exhaustion requirements of the Prison Litigation Reform Act do not apply to him. Further, a defendant who ran the jail may not be entitled to immunity for housing plaintiff in the Pierce County Jail if the conditions of confinement violated plaintiff's substantive due process rights. Finally, plaintiff does not name Lindquist as a defendant based solely on the theory of *respondeat superior*, but also because defendant allegedly operates the jail and ordered that plaintiff be placed in a disciplinary segregation unit (ECF No. 42 ¶ 4.10 and 5.15).

STANDARDS OF REVIEW

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See, Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

1  fact)." *Id*. at 545. Plaintiff must allege "enough facts to state a claim to relief that is plausible on
2  its face." *Id*. at 570.  The Court liberally construes a pro se pleading but cannot supply facts to a
3  complaint.  *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

4        In addition to this standard, the Court must consider the standard for a motion to dismiss
5  based on failure to exhaust administrative remedies.  A motion to dismiss for failure to exhaust
6  administrative remedies is an unenumerated 12(b) motion.  The burden of pleading and proving
7  failure to exhaust administrative remedies in the civil rights context is normally defendants'
8  burden.  The Court may consider evidence outside the pleading without converting the motion to
9  a motion for summary judgment.  *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003).

10                                     DISCUSSION

11       1.      Exhaustion of administrative remedies.

12       Defendant argues that the Prison Litigation Reform Act mandates that plaintiff must
13 exhaust the jail's administrative remedies prior to filing a civil rights action (ECF No. 46 pp. 5-
14 7).  The Court must determine if the Act applies to a civilly committed person housed in a jail.
15 The United States District Court for the Central District of California considered this very issue
16 and stated:

17           On its face, the PLRA applies only to prisoners, defined by the PLRA as
          "any person incarcerated or detained in any facility who is accused of, convicted
18           of, sentenced for, or adjudicated delinquent for, violations of criminal law or the
          terms and conditions of parole, probation, pretrial release, or diversionary
19           program." *Page*, 201 F.3d at 1139. In *Page*, the Ninth Circuit interpreted this
          provision to include only those who at the time of filing their civil actions were
20           detained as a result of accusation, conviction, or sentence for criminal offense,
          and found that although the plaintiff was a prisoner within the meaning of the
21           PLRA when he served time for his conviction, he ceased being a prisoner when
          he was released from the custody of the Department of Corrections and was
22           civilly committed to the state hospital pursuant to the SVPA. *Id*. Therefore, being
          civilly detained, the [sic] plaintiff in *Page* was not subject to the PLRA's
23           exhaustion requirement. *Id*.

24

1 *Esparaza v. Baca*, 2008 WL 4500673 at *4 (2008) (*citing Page v. Tory*, 201 F.3d 1136 (9th Cir.
2 2000)).  This Court concurs with this reasoning. Civilly detained persons are not prisoners and
3 the Prison Litigation Reform Act does not apply to them.  The Court recommends denying
4 defendant's motion to dismiss based on this argument.

5     2.    Absolute immunity.

6     Prosecutors are entitled to absolute immunity from liability for damages under § 1983.
7 *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).  Prosecutorial immunity protects a prosecutor
8 who "acts within his or her authority and in a quasi-judicial capacity." *Kalina v. Fletcher*, 522
9 U.S. 118 (1997).  If the prosecutor acts as an advocate "'in initiating a prosecution and in
10 presenting the State's case,'" absolute immunity is warranted. *Ybarra v. Reno Thunderbird*
11 *Mobile Home Village*, 723 F.2d 675, 678 (9th Cir. 1984) (*quoting Imbler*, 424 U.S. at 430-31).

12     A prosecutor's activities in connection with the preparation and filing of charges are
13 protected by absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).  Neither a
14 conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. *Ashelman v.*
15 *Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

16     Thus, defendant Lindquist cannot be held liable for presenting an order that transferred
17 plaintiff from the Special Commitment Center to the Pierce County Jail.  The Court recommends
18 granting defendant Lindquist's motion to dismiss this allegation.

19     Defendant Lindquist argues he would also be entitled to absolute immunity for his part in
20 helping to pass the Sexual Violent Predator legislation.  Plaintiff raised this issue in a responsive
21 pleading and the allegation is not part of the amended complaint (ECF No. 33, p. 2 (Response to
22 a motion for a more definite statement)).  This claim is not properly before the Court and the
23 Court should not address the arguments on the merits.

24

1   Plaintiff alleges that defendant Lindquist is responsible for the operation of the Pierce
2 County Jail and that defendant directed that plaintiff would be housed in the disciplinary
3 segregation section of the jail (ECF No. 42, p. 7 ¶ 4.10).  Defendant is not entitled to absolute
4 immunity on this allegation because the running of a jail and the ordering of where a person
5 would be housed in the jail are not functions associated with prosecuting an action.  Absolute
6 immunity applies only if the challenged activity is intimately associated with the judicial phase
7 of the criminal process.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  The Court recommends
8 denying defendant's motion to dismiss this claim at this stage of the proceedings.

9   3.   Qualified immunity.

10   Defendant argues that plaintiff "has failed to overcome qualified immunities requirement
11 that he prove the violation of clearly established law."  A motion to dismiss tests only the
12 sufficiency of the pleadings.  Plaintiff alleges the conditions of confinement at the Pierce County
13 Jail violated his substantive due process rights (ECF No. 42, p. 8 ¶ 4.10).

14   It is clearly established that a civilly committed person cannot be treated worse than
15 prisoners.  *Jones v. Blanas*, 393 F. 3d 918, 933 (9th Cir, 2004).  Further, plaintiff may not be
16 housed under conditions that amount to punishment.  *Id.* at 932.  Pursuant to the holding in
17 *Jones,* the Court presumes that the housing of plaintiff in the Jail's segregation unit is punitive.
18 *Id.* at 933.  The presumption is a rebuttable presumption, however, defendant is not entitled to
19 dismissal at this stage of the proceedings.  *See Sundquist v. Philips*. 2008 WL 859452 *9 (2008).

20   Plaintiff has alleged that the condition violated his rights and that plaintiff operates the
21 jail and ordered his placement in disciplinary segregation.  Defendant Lindquist may not be
22 entitled to qualified immunity because it was clearly established by 2011 that a sexual violent
23 predator going through civil commitment proceedings could not be housed under conditions that
24

amount to punishment. The Court recommends denying defendant's motion to dismiss on this ground.

   4.  Respondeat Superior.

  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

  Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

  Plaintiff must allege facts showing how defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege that defendant's own conduct violated plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

  Defendant argues that that plaintiff is relying on the theory of respondeat superior to attribute the conduct of unnamed county officers to defendant (ECF No. 46, p. 19 to 23). Plaintiff alleges that defendant operates the jail and that defendant ordered plaintiff's placement in the disciplinary segregation unit of the jail. Further, plaintiff alleges that defendant knew plaintiff would be held on lock down and handcuffed every time he was removed from his cell (ECF No. 42, ¶ 4.10). Thus, the allegations involve defendant's own actions and defendant's argument is without merit. Defendant is not entitled to dismissal of this allegation at this stage of the proceeding. The Court recommends denial of defendant's motion to dismiss.

1       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

4 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

6 November 29, 2013, as noted in the caption.

7       Dated this 4th day of November, 2013.

                                          J. Richard Creatura
                                          United States Magistrate Judge