1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL MCGARY,

                Plaintiff,

      v.

KELLY CUNNINGHAM, et al.,

                Defendant.

CASE NO. C13-5130 RBL-JRC

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

The Court grants defendants' motion for a protective order in part and denies the motion in part. It is clear that plaintiff is seeking to include discovery requests that would impugn his continued civil commitment. However, plaintiff is entitled to information that would show a current violation of his conditions of confinement. Defendants ask the Court for a protective order that would exempt them from providing discovery that is beyond the scope of plaintiff's complaint. "Defendants now move this Court for a protective order prohibiting discovery on six

1  of the remaining requests, as well as any future requests seeking information related to habeas

2  relief and irrelevant dated information absent a subsequent order from the Court compelling

3  discovery." (ECF No. 67 p. 2-3).

4  　　　　The Court has wide discretion regarding discovery and the standard of review is abuse of

5  discretion. *Wharton v. Calderon*, 127 F.3d 1201, 1205 (9th Cir. 1997).  The Court issues

6  protective orders for good cause. *See* Fed. R. Civ. P. 26(c).

7  　　　　The Court has previously informed plaintiff that he may not seek habeas relief through a

8  civil rights action (ECF No. 38 pp. 2-3). Plaintiff seeks information regarding a time frame prior

9  to the applicable statute of limitations in this case and he requests that the discovery be

10  "discovery stamped as part of the civil commitment record in cause number 00-2-14060-1

11  (Pierce County)." (ECF No. 67 pp. 5-10).

12  　　　　Plaintiff argues that he is seeking information that would show his confinement is

13  punitive in nature and that the discovery is allowed under current case law (ECF No. 71). The

14  Court finds plaintiff's argument disingenuous given the time frame of the requests and the fact

15  that plaintiff seeks to have the information stamped for use in another action. To obtain relief in

16  this action, plaintiff will need to show that his current conditions of confinement are punitive.

17  　　　　The Court has reviewed the six discovery requests that are at issue. Defendants set forth

18  the requests in defendants' motion for a protective order and in the declaration in support (ECF

19  No. 67 pp. 5-10 and ECF 68).  In the first request, plaintiff asks for information regarding his

20  juvenile record and a 1989 report (ECF No. 67, p. 5). In the second request, plaintiff asks the

21  defendants to admit or identify the content of plaintiff's 2005 stipulation for civil commitment

22  (ECF No. 67, p. 6). In the third request, plaintiff contests the accuracy of a 2010 report and its

23  statements regarding a 1990 disciplinary report (ECF No. 67, p. 6). In the fourth request, plaintiff

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER - 2

1   challenges the competence of a person who had some connection to plaintiff's 2000 civil

2   commitment proceedings (ECF No. 67, p. 7). In the fifth request, plaintiff contests information in

3   a 2006 annual review and he also asks if the information or allegation was used in his 2011 and

4   2012 trials (ECF No. 67, p. 7). In the final contested discovery request, plaintiff asks one

5   defendant to admit that he was part of the team that made a recommendation regarding plaintiff's

6   release (ECF No. 67, p. 8).

7           The Court finds that the appropriate statute of limitations for a § 1983 claim is the forum

8   state's statute of limitations for tort actions.  *Wilson v. Garcia*, 471 U.S. 261, 269 (1985).

9   Washington State provides a three-year statute of limitations for tort claims.  RCW §

10  4.16.080(2). Plaintiff filed this action on February 22, 2013. Accordingly the Court finds that

11  discovery on issues and events prior to February 22, 2010, has little to no relevance to plaintiff's

12  current conditions of confinement. Further, the Court finds that plaintiff may not challenge the

13  propriety of his civil commitment proceedings in this action. *Hutfile v. Miccio-Fonseca,* 410

14  F.3d 1136, 1139 (9th Cir. 2005).

15          The Court grants defendants' request for a protective order with regard to the first two

16  contested requests. Neither plaintiff's juvenile record nor a 1989 report have any bearing on his

17  current conditions of confinement.

18          The Court grants in part and denies in part defendants' third request.  Defendant Gauntz

19  will inform plaintiff if he believes the content of Dr. Tucker's 2010 report is correct in its

20  assessment of a December 1, 1990 disciplinary report. Defendants' motion is granted in regard to

21  the remainder of the request because it seeks information regarding reports generated prior to

22  February 22, 2010.

23

24

1    The Court grants defendants' motion with regard to defendants' fourth request, which

2    seeks information about Frannie Jardine. This request deals with incidents in 2000 that have no

3    bearing on plaintiff's current conditions of confinement. Further, plaintiff may not collaterally

4    challenge the propriety of his civil commitment in this proceeding.

5    Defendants' final two requests for protective orders address discovery propounded on

6    defendant Duthie. The Court grants the fifth request for a protective order in which plaintiff

7    seeks to challenge the validity of a report authored in 2006. Further, plaintiff seeks to inquire if

8    this information was used in his 2011 or 2012 civil commitment proceedings. Plaintiff may not

9    collaterally challenge his confinement in this action. Therefore, this request is granted

10   In the final request for a protective order, defendants do not provide the Court with a time

11   frame for when Dr. Duthie may have been part of a clinical team that made recommendations

12   regarding plaintiff's release. Accordingly, the Court cannot evaluate whether or not the issue has

13   any current relevance to plaintiff's conditions of confinement. Plaintiff alleges that certain

14   actions taken against him are racially motivated. The Court may issue a protective order only on

15   a showing of good cause. *See* Fed. R. Civ. P. 26(c). Defendants have not made that showing with

16   regard to this request. The motion is denied.  Defendants need to provide the requested report of

17   Dr. Joseph Bloom only if it was generated on or after February 22, 2010.

18   Defendant's request for a protective order on future discovery request is denied. Granting

19   this relief would effectively shift the burden of proof from defendants to plaintiff. The party

20   seeking the protective order must show good cause, the party seeking the discovery does not

21   have to first file a motion to compel. *See* Fed. R. Civ. P. 26(c). Defendants have not shown that

22   the plaintiff's practices are so wide spread as to require this form of relief. If plaintiff continues

23

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER - 4

1   to propound improper discovery requests, defendants have other remedies available. *See,* Fed. R.

2   Civ. P. 26(c) and Fed. R. Civ. P. 37(a)(5).

3

4        Dated this 4th day of November, 2013.

5

6                                               _____
                                                J. Richard Creatura
7                                               United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER - 5