1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

DARNELL O McGARY,

9

Plaintiff,

CASE NO. C13-5130 RBL-JRC

10

v.

ORDER LIFTING STAY, DENYING
PLAINTIFF'S MOTION TO FILE A
THIRD AMENDED COMPLAINT
AND ISSUING A NEW
SCHEDULING ORDER

11

KELLY CUNNINGHAM, DON GAUNTZ,
Dr. HOLLY CORYELL, ED YOUNG, Dr.
BRUCE DUTHIE, JEFF CUTSHAW,
REGINALD WOODS, and MARK
LINDQUIST.

12

13

14

Defendants.

15

    This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate

16

Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judge Rules MJR

17

1, MJR 3, and MJR 4.

18

    The Court stayed this matter at the request of the parties on December 6, 2013.  The

19

Court entered the stay because of criminal charges filed against plaintiff (Dkt. 86).  On March

20

28, 2014 plaintiff filed a motion asking that the Court lift the stay (Dkt. 91).  The Clerk's Office

21

noted plaintiff's motion for April 18, 2014.  Defendants represented by the Attorney General's

22

Office have responded to the motion and do not oppose lifting the stay (Dkt. 91).  Defendant

23

Lindquist did not respond to the motion.

24

ORDER LIFTING STAY, DENYING PLAINTIFF'S
MOTION TO FILE A THIRD AMENDED
COMPLAINT AND ISSUING A NEW
SCHEDULING ORDER - 1

1    The Court orders that the stay entered in December of 2013 is lifted.

2    Before the noting date for the motion to lift the stay, plaintiff filed two additional

3    motions.  Plaintiff filed a motion to submit a third "supplemental" complaint, (Dkt. 93), and an

4    "unopposed motion to extend the discovery schedule." (Dkt. 94).  Plaintiff's unopposed motion

5    is not signed by either the Attorney General's Office or Defendant Lindquist's office, although

6    plaintiff states that the matter has been discussed with all parties (Dkt. 94, p. 2).

7    1.    Amendment of the action.

8    The Court denies plaintiff's motion to file a supplemental complaint for a number of

9    reasons.  When the Court stays an action the parties may not continue to engage in motion

10   practice.  Thus, plaintiff's motion was not properly filed because the stay had not been lifted.  In

11   addition, the Western District Local Rules require a plaintiff to submit a proposed amended

12   complaint and not simply a motion.  The Rule states:

13       A party who moves for leave to amend a pleading, or who seeks to amend a
         pleading by stipulation and order, must attach a copy of the proposed amended
14       pleading as an exhibit to the motion or stipulation. The party must indicate on the
         proposed amended pleading how it differs from the pleading that it amends by
15       bracketing or striking through the text to be deleted and underlining or
         highlighting the text to be added. The proposed amended pleading must not
16       incorporate by reference any part of the preceding pleading, including exhibits. If
         a motion or stipulation for leave to amend is granted, the party whose pleading
17       was amended must file and serve the amended pleading on all parties within
         fourteen (14) days of the filing of the order granting leave to amend, unless the
18       court orders otherwise.

19   Local Civil Rule 15.  Plaintiff's motion does not conform to the Local Rules.  The Court must

20   have the proposed complaint to consider.  Further, under the Local Rule, supplemental

21   complaints are not normally allowed.

22   A final consideration for this Court is the length of time this action has been pending.

23   Plaintiff commenced this action in February of 2013 and the action is now over one year old.

24

ORDER LIFTING STAY, DENYING PLAINTIFF'S
MOTION TO FILE A THIRD AMENDED
COMPLAINT AND ISSUING A NEW
SCHEDULING ORDER - 2

1   The Court will not allow the action to become a continuum of events that includes events that

2   occurred after the filing of the original action.  The Court denies plaintiff's motion to amend

3   this action.  The operative complaint in this action will remain the amended complaint filed July

4   24, 2013 (Dkt. 42).

5        2.        Scheduling order

6        At the time the Court stayed this action discovery should have been nearly completed.

7   The scheduling order that was in effect at the time of the stay included a January 3, 2014 cutoff

8   date (Dkt. 55).  Because the Court has denied amendment of the complaint the Court does not

9   believe a lengthy continuation of discovery is needed. The Court amends the scheduling order

10  as follows:

11       (1)        Discovery

12       All discovery shall be completed by **June 20, 2014**.  Service of responses to

13  interrogatories and to requests to produce, and the taking of depositions, shall be completed by

14  this date.  Federal Rule of Civil Procedure 33(a) requires answers or objections to be served

15  within thirty (30) days after service of the interrogatories.  The serving party, therefore, must

16  serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the

17  other party time to answer.

18       (2)        Dispositive Motions

19       Any dispositive motion shall be filed and served on or before **September 5, 2014**.

20  Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a

21  part of the motion itself and not in a separate document.  The motion shall include in its caption

22  (immediately below the title of the motion) a designation of the date the motion is to be noted for

23  consideration upon the Court's motion calendar.  Dispositive motions shall be noted for

24

ORDER LIFTING STAY, DENYING PLAINTIFF'S
MOTION TO FILE A THIRD AMENDED
COMPLAINT AND ISSUING A NEW
SCHEDULING ORDER - 3

1  consideration on a date no earlier than the fourth Friday following filing and service of the

2  motion.  LCR 7(d)(3).

3         All briefs and affidavits in opposition to any motion shall be filed and served pursuant to

4  the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.  The party

5  making a motion may file and serve a reply to the opposing party's briefs and affidavits.  Any

6  reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal

7  Rules of Civil Procedure and LCR 7.

8         Defendants are reminded that they MUST serve *Rand* notices, in a separate document,

9  concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner

10  plaintiffs will have fair, timely and adequate notice of what is required of them in order to

11  oppose those motions.  *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012).  The Ninth Circuit

12  has set forth model language for such notices:

13         A motion for summary judgment under Rule 56 of the Federal Rules of
       Civil Procedure will, if granted, end your case.
14
       Rule 56 tells you what you must do in order to oppose a motion for
15     summary judgment.  Generally, summary judgment must be granted when
       there is no genuine issue of material fact – that is, if there is no real
16     dispute about any fact that would affect the result of your case, the party
       who asked for summary judgment is entitled to judgment as a matter of
17     law, which will end your case.  When a party you are suing makes a
       motion for summary judgment that is properly supported by declarations
18     (or other sworn testimony), you cannot simply rely on what your
       complaint says.  Instead, you must set out specific facts in declarations,
19     depositions, answers to interrogatories, or authenticated documents, as
       provided in Rule 56(e), that contradict the facts shown in the defendant's
20     declarations and documents and show that there is a genuine issue of
       material fact for trial.  If you do not submit your own evidence in
21     opposition, summary judgment, if appropriate, may be entered against
       you.  If summary judgment is granted, your case will be dismissed and
22     there will be no trial.

23

24  ORDER LIFTING STAY, DENYING PLAINTIFF'S
    MOTION TO FILE A THIRD AMENDED
    COMPLAINT AND ISSUING A NEW
    SCHEDULING ORDER - 4

1  *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998).  Defendants who fail to file and serve the

2  required *Rand* notices on plaintiff may have their motion stricken from the Court's calendar with

3  leave to re-file.

4       (3)    <u>Joint Pretrial Statement</u>

5       The parties are advised that a due date for filing a Joint Pretrial Statement may be

6  established at a later date pending the outcome of any dispositive motions.

7       (4)    <u>Proof of Service and Sanctions</u>

8       All motions, pretrial statements and other filings shall be accompanied by proof that such

9  documents have been served upon counsel for the opposing party or upon any party acting *pro*

10  *se*.  The proof of service shall show the day and manner of service and may be by written

11  acknowledgment of service, by certificate of a member of the bar of this Court, by affidavit of

12  the person who served the papers, or by any other proof satisfactory to the Court.  Failure to

13  comply with the provisions of the Order can result in dismissal/default judgment or other

14  appropriate sanctions.

15       (5)    The Clerk of Court is directed to send a copy of this Order to plaintiff and to

16  counsel for defendants.

17       Dated this 18th day of April, 2014.

18

19  

20  J. Richard Creatura
   United States Magistrate Judge

21

22

23

24  ORDER LIFTING STAY, DENYING PLAINTIFF'S
MOTION TO FILE A THIRD AMENDED
COMPLAINT AND ISSUING A NEW
SCHEDULING ORDER - 5