1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL O MCGARY,

    Plaintiff,

v.

KELLY CUNNINGHAM, DON GAUNTZ, HOLLY CORYELL, ED YOUNG, BRUCE DUTHIE, JEFF CUTSHAW, REGINALD WOODS, MATT INSLEY, MARK LINDQUIST, JAMES BUDER, JAY INSLEE,

    Defendants.

CASE NO. C13-5130 RBL-JRC

ORDER

16
17
18
19
20
21
22
23
24

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Plaintiff has filed motions to strike the declaration of Leslie Sziebert and portions of defendants' summary judgment motions that refer to plaintiffs escape attempt (Dkt. 135 and 139). Defendants have responded (Dkt. 140), and plaintiff has replied (Dkt. 142). After reviewing the pleadings the Court denies both of plaintiff's motions because plaintiff fails to

ORDER - 1

show that the evidence he is trying to exclude would be properly excluded under Fed. R. Civ. P. 12(f) or that Fed. R. Civ. P. 12 (f) applies to motions or affidavits.

Fed. R. Civ. P. 12(f) gives the Court the authority to strike material from pleadings that is redundant, immaterial, impertinent or scandalous. *See* Fed. R. Civ. P. 12(f). Courts have held that the rule only applies to pleadings as defined in Fed. R. Civ. P. 7(a) and refused to apply the rule to affidavits or briefs. *Hipolito v Alliance Receivables Management Inc.*, 2005 WL 1662137 (D.C. Cal 2005); *Protect Lake Pleasant LLC v. Johnson*, 2007 WL 1486869 *3 n.1 (D.C. Ariz. 2007) (Rule 12(f) does not apply to briefs and the court declined to exercise its inherent power to strike material).

Other courts hold that a decision to strike material is available, but that the motions are disfavored. *Guthier v.U.S.*, 2011 WL 3902770 *11 (D. Mass 2011); Leghorn *v. Wells Fargo Bank N.A.*, 950 F. Supp. 2d 1093, 1122 (N.D. Cal. 2013); " 'A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Lopez v. Wachovia Mortg.*, 2009 WL 4505919, *6 (E.D. Cal. 2009), *quoting Bassett v. Ruggles*, 2009 WL 2982895, *24 (E.D. Cal. 2009).

While plaintiff does not make it clear that the rule applies, the Court need not reach that issue because the motions fail on the merits. In the first motion, plaintiff asks the Court to strike the declaration of defendant Leslie Sziebert arguing that in a prior case, *McGary v. Culpepper*, C05-5376RBL-JRC, "after summary judgment, was concluded in[sic] was found that Dr. Sziebert MD, had retaliated against Plaintiff McGary." (Dkt. 135, p. 1.)  Plaintiff also argues that evidence he presents in his motion for partial summary judgment shows that a different medical provider, Dr. Bloom, has a different opinion as to plaintiff's mental illness or diagnosis (Dkt.

135, p. 1-2). Plaintiff argues that Dr. Sziebert's declaration should be struck pursuant to Fed. R. Civ. P. 12 (f) because the declaration is redundant, immaterial, and scandalous (Dkt. 135, p. 3).

Defendants respond that plaintiff has mischaracterized the findings and settlement in the case of *McGary v. Culpepper*. Defendants place a copy of the settlement agreement before the Court (Dkt. 141-1, Declaration of Gregory Ziser, Attachment A). Review of the settlement agreement shows that there was no finding of guilt or liability entered against defendant Sziebert. The agreement states "that this Stipulated Settlement and Consent Judgment does not reflect an admission of liability, nonfeasance or wrongdoing by any defendant or the State of Washington." (Dkt. 141-1, p. 2). The Court finds that plaintiff has mischaracterized the resolution of that case. Further, a disagreement as to a diagnosis between two mental health care provides does not render either diagnosis irrelevant or scandalous. The Court DENIES plaintiff's motion to strike the declaration of Dr. Sziebert.

Plaintiff also asks the Court to strike portions of defendants' briefing and affidavits that mention an alleged escape attempt on September 28, 2013. This action was stayed by agreement of the parties because plaintiff was facing criminal charges for the crime of sexual violent predator escape (Dkt. 83). Defendants' reference to the pending charges as allegations is factually accurate and not misleading. Further, plaintiff himself acknowledges that the criminal charges were the subject of plea negotiations and "have been reduced to a misdemeanor." (Dkt. 91, p. 2). Defendants note that plaintiff pled guilty to Attempted Escape in the Third Degree. (Dkt. 141-2, Declaration of Gregory Ziser, Attachment B).

Plaintiff fails to show that defendants referring to the incident is scandalous or in any other way improper. The matter is relevant to show plaintiff's state of mind and to justify the

1  actions defendants took regarding plaintiff.  Plaintiff's motion to strike the reference to attempted
2  escape is without merit and the Court DENIES plaintiff's motion.
3       Dated this 31st day of October, 2014.

   J. Richard Creatura
   United States Magistrate Judge